JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| INMATE # AP6288 | CASE NUMBER |
|---|---|
| Darnell Black, Sr. | CV 17-04893-RGK (RAO) |
| PLAINTIFF(S) | |
| v. | ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES |
| A. Tiggs-Brown | |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is hereby GRANTED.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).

_____  _____
Date                        United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed Without Prepayment of Filing Fees be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency.
- ☐ Failure to authorize disbursements from prison trust account to pay the filing fees.
- ☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
- ☐ District Court lacks jurisdiction.
- ☐ Other _____

- ☒ Frivolous, malicious, or fails to state a claim upon which relief may be granted.
- ☐ Seeks monetary relief from a defendant immune from such relief.
- ☐ Leave to amend would be futile.
- ☐ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Comments:
See attached statement of decision.

September 21, 2017
Date                        United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is:

- ☐ **GRANTED. IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).
- ☐ **DENIED.** Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
- ☒ **DENIED**, and this case is hereby DISMISSED immediately.
- ☐ **DENIED, with leave to amend within 30 days.** Plaintiff may re-submit the IFP application and Complaint to this Court, if submitted with the Certified Trust Account Statement and Disbursement Authorization. Plaintiff shall utilize the same case number. If plaintiff fails to submit the required documents within 30 days, this case shall be DISMISSED.

SEP 2 7 2017
Date                        United States District Judge

CV-73P (08/16)         ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES

On June 26, 2017, Plaintiff Darnell Black, Sr. ("Plaintiff"), a California prisoner proceeding *pro se*, constructively filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment; the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"); and the Rehabilitation Act of 1983, 29 U.S.C. § 701 *et seq.* ("RA"). (Dkt. No. 1.) Plaintiff also filed a request to proceed *in forma pauperis*. (Dkt. No. 2.)

On July 12, 2017, the Court denied Plaintiff's request and dismissed his complaint with leave to amend. (Dkt. No. 4.) The Court's order explained that the complaint failed to state a claim under the Eighth Amendment because Plaintiff failed to allege that Defendant was aware of, but consciously disregarded, an excessive risk to Plaintiff's health and safety. Plaintiff failed to state a claim under the ADA and RA because the complaint included no support or basis for discrimination. Plaintiff also failed to state a claim for retaliation because the alleged conduct preceded Plaintiff's pursuit of administrative remedies. The Court granted Plaintiff leave to amend within 30 days. On August 16, 2017, the Court received from Plaintiff a request for additional time to file an amended complaint, stating that he was obtaining medical treatment and would not return to his prison until September 1, 2017. (Dkt. No. 6.) The Court granted his request. (Dkt. No. 7.)

On September 5, 2017, the Court received Plaintiff's amended complaint. (Dkt. No. 10.) The amended complaint's allegations are not materially different from those of the original complaint, although the amended complaint omits the claims of discrimination and retaliation. In Plaintiff's Eighth Amendment claim, he alleges "deliberate indifference" and that Defendant "consciously refuse[d]" his requests. However, merely reciting the legal standards applied to this type of claim, without more, is insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The amended complaint thus fails to state a claim for the reasons previously explained with respect to the original complaint, and it must be dismissed. Because Plaintiff has failed even to attempt to amend his claims in a meaningful way, further leave to amend is not warranted. *See Brown v. Fitzpatrick*, 667 F. App'x 267, 2016 WL 3450394, at *1 (9th Cir. June 23, 2016) (mem.) ("The district court did not abuse its discretion in dismissing [the *pro se* plaintiff's] amended complaint without leave to amend after providing [the plaintiff] with one opportunity to amend."); *Fosselman v. Hidalgo*, 599 F. App'x 310, 310 (9th Cir. 2015) ("The district court did not abuse its discretion in denying [the plaintiff] further leave to amend after his first amended complaint failed to cure the deficiencies."); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'" (alteration in original) (quoting *In re Read-Rite Corp.*, 335 F.3d 843, 845 (9th Cir. 2003), *abrogated on other grounds as recognized by South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 783-84 (9th Cir. 2008))).

For these reasons, this action is **DISMISSED**.